21-3043-cv (L)
*Keil v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd of March, two thousand twenty-two.

Present:     DEBRA ANN LIVINGSTON,
             *Chief Judge*,
             AMALYA L. KEARSE,
             JOHN M. WALKER, JR.,
             *Circuit Judges*.

_____

MATTHEW KEIL, JOHN DE LUCA, SASHA DELGADO, DENNIS STRK, SARAH BUZAGLO, MICHAEL KANE, WILLIAM CASTRO, MARGARET CHU, HEATHER CLARK, STEPHANIE DI CAPUA, ROBERT GLADDING, NWAKAEGO NWAIFEJOKWU, INGRID ROMERO, TRINIDAD SMITH, AMARYLLIS RUIZ-TORO,

                 *Plaintiffs-Appellants*,

        v.                                              21-3043-cv, 21-3047-cv

THE CITY OF NEW YORK, BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NEW YORK, DAVID CHOKSHI, in his official capacity of Health Commissioner of the City of New York, MEISHA PORTER, in her official capacity as Chancellor of the New York City Department of Education, ERIC ADAMS, in his official capacity as Mayor of the City of New York, NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendants-Appellees.*

| For Plaintiffs-Appellants: | BARRY BLACK, Sarah E. Child, Jonathan R. Nelson, Nelson Madden Black LLP, New York, NY; SUJATA SIDHU GIBSON, Gibson Law Firm, PLLC, Ithaca, NY. |
|---|---|
| For Defendants-Appellees: | SUSAN PAULSON, Assistant Corporation Counsel, Richard Paul Dearing, Assistant Corporation Counsel, Devin Slack, Assistant Corporation Counsel, *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

This is the second time we have reviewed a decision by the district court to deny a motion for a preliminary injunction in this case. The facts and procedural history of this matter are comprehensively set forth in our November 28, 2021, per curiam opinion, *Kane v. De Blasio*, 19 F.4th 152 (2d Cir. 2021), which concerned Plaintiff Teachers' challenge to the district court's denial of their earlier motions to preliminarily enjoin enforcement of the New York City Department of Education's (the "DOE") COVID-19 vaccine mandate (the "Vaccine Mandate").[1] Plaintiffs now appeal the December 14 decision of the district court (Caproni, *J.*), denying their latest application for preliminary injunctive relief (the "Application"). Plaintiffs' Application challenges the process that the City of New York Reasonable Accommodation Appeals Panel (the "Citywide Panel" or "Panel") employed for reviewing Plaintiffs' requests for reasonable accommodations.[2] The

---

[1] Unless otherwise indicated, all internal citations, quotation marks, alterations, emphases, and footnotes are omitted from citations.

[2] The Citywide Panel consisted of representatives of the Department of Citywide

2

Application sought: (1) to enjoin the enforcement of the Vaccine Mandate "against any employee who asserts a sincere religious objection to vaccination," pending the outcome of the ongoing litigation; (2) to provisionally certify "a class of all DOE employees who assert religious objections" to the Vaccine Mandate; and (3) to compel "Defendants to immediately reinstate Plaintiffs and all proposed Class members to their original positions" before enforcing the Vaccine Mandate. App'x 1090–91. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"When a preliminary injunction will affect government action taken in the public interest pursuant to a statute or regulatory scheme, the moving party must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction." *Agudath Isr. of Am. v. Cuomo*, 983 F.3d 620, 631 (2d Cir. 2020). The party seeking a preliminary injunction "bear[s] the initial burden of establishing a likelihood of success on the merits" and the other elements. *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 281 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021); *see also New York by James v. Griepp*, 11 F.4th 174, 177 (2d Cir. 2021). "In the context of their First Amendment claim, this means that Plaintiffs must show that they are likely to succeed on their claim that" the Citywide Panel process is not "neutral or generally applicable," *We The Patriots*, 17 F.4th at 281, within the meaning of *Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872 (1990), and its progeny. Only "[i]f they succeed at that step" does "the burden shift[] to [Defendants] to show that [they are] likely to succeed in defending the challenged [process] under strict scrutiny."

---

Administrative Services, the City Commission on Human Rights, and the Office of the Corporation Counsel. The Panel did not rely on the previously challenged arbitration award criteria; its decisions were instead governed by the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law.

*We The Patriots*, 17 F.4th at 281.   We "review a district court's denial of a preliminary injunction for abuse of discretion, but must assess *de novo* whether the court proceeded on the basis of an erroneous view of the applicable law."   *Agudath*, 983 F.3d at 631.

Plaintiffs have failed to demonstrate that the district court abused its discretion in concluding that they failed to demonstrate that they were likely to prevail on the merits of their challenge to the Citywide Panel procedures.   As both the district court and a motions panel of this Court emphasized, Plaintiffs' Application, which consists of a hastily drafted one-and-a-half-page letter and fifty-nine pages of various exhibits, is deficient in two overarching respects.

First, Plaintiffs advanced virtually no legal arguments before the district court that concern the Citywide Panel process.   Rather, Plaintiffs' Application simply asserts that the district court should grant injunctive relief "[f]or all of the arguments and reasons already set forth in Plaintiffs' motion papers for injunctive relief filed in [the district court] and before the Second Circuit Court of Appeals."   App'x 1091.   But none of Plaintiffs' prior filings challenged the Citywide Panel procedures.   Plaintiffs' prior arguments were instead directed at the Vaccine Mandate and the exemption standards set forth in a related arbitration award.[3]   This Court has already explained why Plaintiffs are unlikely to prevail on the merits of their facial challenge to the Vaccine Mandate. *See Kane*, 19 F.4th at 163–67.   And because the Citywide Panel did not adopt the arbitration award's exemption standards, the arguments that Plaintiffs advanced to challenge those standards are largely irrelevant to their Application.[4]

---

[3]   The one exception is Plaintiffs' previous argument that the Citywide Panel is unacceptable because attorneys from the New York City Office of the Corporation Counsel sit on it, and the Corporation Counsel has a conflict of interest because it participates in this litigation.   This Court has already rejected that argument on the ground that "attorneys are advocates, not parties-in-interest."   *Kane*, 19 F.4th at 174–75.

[4]   Two days after the district court denied the Application, Plaintiffs requested that the court

4

On appeal, Plaintiffs raise a number of arguments that they failed to present to the district court. They argue, for example, that the Citywide Panel process is subject to strict scrutiny because "[r]eligious accommodation decisions made by government employers" invite governmental decisionmakers to exercise discretion and are therefore never generally applicable. Appellants' Br. 25; *see also id.* at 26 (citing *Fulton v. City of Phila.*, 141 S. Ct. 1868, 1879 (2021)). They also claim that they will suffer irreparable harm absent an injunction because the Vaccine Mandate "coerces" them to violate their religious beliefs by getting vaccinated. *Id.* at 48. We take no position on these arguments, which we deem waived. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

Second, Plaintiffs failed to adduce sufficient factual evidence from which the district court might have concluded that they are likely to prevail on the merits of their challenge to the Citywide Panel's procedures. The Application did not attach copies of the reasonable-accommodation applications that Plaintiffs submitted to the Panel; and although Plaintiffs' brief on appeal informs this Court that those applications are in the record because they were the same reasonable-accommodation applications that Plaintiffs had made previously, *see* Appellants' Br. 40–41, Plaintiffs did not so inform the district court. Instead, the Application attached news articles, without explaining their relevance to Plaintiffs' applications; the responses of one-third of the Plaintiffs to the Citywide Panel's requests for supplemental information, but not the responses of the majority; and notices that the Panel sent on December 8 and 10, 2021, informing Plaintiffs that their

---

issue an injunction pending their appeal of the December 14 Order. The two-page letter briefly suggested for the first time that the Citywide Panel "reused" the prior arbitration standards. App'x 1162. This argument about the Citywide Panel's procedures was not made to the district court before it issued its December 14 Order, which is the subject of this appeal.

5

accommodation requests had been denied once more (the "Notices"). App'x 1101. The Application cursorily asserts that "[t]he basic new facts are in the attached declarations from counsel, incorporated by reference along with exhibits into this letter motion." *Id.* at 1090. But the attached declarations allege only that the Citywide Panel process "did not define any criteria or procedural safeguards," was a "sham process conducted by a biased panel," and resulted in "summary auto-generated denials" (i.e., the Notices) with "no explanation . . . for why the Plaintiffs were denied." *Id.* at 1093; *see also id.* at 1837. Beyond those conclusory allegations and a small fraction of Plaintiffs' responses to the Citywide Panel's requests for additional information, Plaintiffs presented the district court with almost no information regarding the Panel's process or the Panel's summary explanations of its denials (the "Summaries"), which it issued on December 13. *Id.* at 1164–69.

Plaintiffs attempt to justify their Application's deficiencies by explaining that they believed that they were facing an imminent deadline. The Notices that Plaintiffs received on December 10 stated: "[Y]ou now have three business days from the date of this notice to submit proof of vaccination. If you do not do so, you will be placed on leave without pay." *Id.* at 1101. The following day, Plaintiffs submitted the Application, which asserted:

> As early as Monday, December 13, and through Thursday, December 16, the various Plaintiffs must be vaccinated in violation of their sincerely-held religious beliefs or possibly face various penalties including the loss of health insurance and other benefits.

*Id.* at 1091. The City now explains that the Notices were erroneously sent to Plaintiffs because they were automatically generated and sent to all employees whose appeals were denied by the Citywide Panel. This occurred because the Panel "was originally constituted to resolve accommodation appeals pertinent to the broader vaccination requirement for all city employees, and

6

employees subject to that requirement were only being placed on leave without pay" — a status that permitted them to keep their health insurance — after "the conclusion of the Citywide Panel process." Appellees' Br. 24 n.13. Although the Notices stated that Plaintiffs would be "placed on leave without pay" if they did not submit vaccination documentation within three business days, Plaintiffs "had already been on leave without pay for months." *Id.* at 24. The DOE subsequently "sent notices clarifying the instructions applicable to plaintiffs, who were given 14 days to opt into the special leave package." *Id.* at 24 n.13.

The deadlines conveyed by the Notices do not excuse Plaintiffs' failure to develop the factual record supporting their Application. First, the Notice's threat to place Plaintiffs on leave without pay would not have affected them because they had already been on leave without pay for months. And even if Plaintiffs somehow faced the prospect of losing their health insurance on December 13, that is irrelevant to whether Plaintiffs had shown a likelihood of success on the merits. The district court could not have granted a preliminary injunction simply because Plaintiffs' Application was urgent.

Second, Plaintiffs received the Summaries on December 13, the day before the district court denied their Application, App'x at 1346–51, but failed to submit them to the district court.[5] The Summaries explain, for example, whether the Panel's decision was based on a finding that a Plaintiff's "decision not to vaccinate comes from non-religious sources: a belief that the mandate is unconstitutional," or that the DOE had demonstrated that it would suffer an undue hardship if it were to accommodate a Plaintiff. *Id.* at 1346. After receiving this highly pertinent evidence,

---

[5] At oral argument, Plaintiffs initially asserted that they received the Summaries *after* the district court's decision. When confronted with the relevant excerpts from the record, however, Plaintiffs retracted that assertion.

Plaintiffs chose to file this appeal rather than amend their Application before the district court issued its decision or move for reconsideration once it had. They thereby deprived the district court of an opportunity in the first instance to examine the Summaries which they challenge here as inadequate or misguided.

Finally, the deficiencies in the Application extend beyond Plaintiffs' failure to include the Summaries. As discussed above, Plaintiffs failed to present the district court with either their applications to the Citywide Panel or most of the supplemental information that the Panel requested and received from them — all of which Plaintiffs had access to before they filed the Application. And Plaintiffs cited the actual date on which they would be required to opt into the special leave package or face termination in their motion for an injunction pending appeal. Plaintiffs were thus aware by that point that the urgency expressed in the Application was unfounded. Even still, rather than filing a more developed application, Plaintiffs elected to appeal the district court's December 14 order, which rested on the incomplete record presented in the Application.

For the reasons set forth above, we conclude that the district court did not abuse its discretion in concluding that Plaintiffs had not carried their burden to show that they were entitled to preliminary injunctive relief. We further hold that the district court properly determined, in applying rational basis review, that there were "no facts before it on which it could conclude that the Citywide Panel's process was irrational in any way or infected with hostility to religion." Special App'x 25.[6] In so holding, we emphasize that we express no view on the ultimate merits of this

---

[6] Plaintiffs have moved to supplement the record on appeal. "Ordinarily, material not included in the record on appeal will not be considered." *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002). We consider extra-record evidence on appeal only in "extraordinary circumstances." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975). Such circumstances are absent because the documents Plaintiffs seek to add are irrelevant to the question of whether the district court abused its discretion by denying Plaintiffs' motion for a preliminary

case, which may be determined in the future upon a complete and carefully presented record in contrast to the present deficient record before the district court.

We have considered Plaintiffs' remaining arguments and find them to be without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

injunction. *See United States v. Bleznak*, 153 F.3d 16, 21 n.2 (2d Cir. 1998) (declining to take judicial notice of matters "not relevant to our disposition of this appeal"). Accordingly, Plaintiffs' motion is DENIED.